IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:24-CR-00044-D-RN-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER GRANTING |
| v. | ) | DEFENDANT'S UNOPPOSED |
| | ) | MOTION TO MODIFY |
| FREDERICK WAYNE WIGGINS, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |

Before this Court is an unopposed motion by the Defendant to modify the Protective Order at D.E. 49 to permit Defendant to have access to discovery materials. For good cause shown, it is hereby ORDERED as follows:

1) Defendant shall be temporarily permitted to maintain a copy of the discovery provided on an external hard drive by his attorney;

2) Northern Neck Regional jail shall provide Defendant Frederick Wiggins with a laptop to use to view the discovery on the external hard drive;

3) Defendant shall be permitted to have reasonable opportunity to use the laptop and external hard drive to review his discovery in the Northern Neck Regional Jail;

4) Northern Neck Regional Jail staff shall allow Defendant Frederick Wayne Wiggins to access and use a laptop and the external hard drive with reasonable frequency such that Defendant can review the discovery in his case;

5) Northern Neck Regional Jail shall afford Defendant reasonable privacy such that he may review the discovery on the laptop outside the presence of other inmates;

6) Defendant shall not use the laptop or external hard drive for any purpose other than to review the discovery in his case;

7) Defendant and Northern Neck Regional Jail staff shall not permit any other inmate to access the external hard drive or the information contained therein;

8) Defendant shall not print, photograph, or make any copies of the contents of the laptop or in any way copy, disclose, or otherwise make available any documents in this case or information from those documents to any person;

9) Defendant shall be permitted to use the word-processing program on the laptop to type notes for the purpose of discussing the discovery with his attorney but otherwise shall not physically write down any information while accessing the laptop;

10) Any notes that Defendant types on the laptop shall not be printed, copied, or in any way distributed other than to his attorney;

11) Defendant shall not have access to any paper, pencils, or other physical note-taking materials while accessing the laptop;

12) Unless a separate motion requesting an extension of time is granted by this Court, Defendant shall relinquish the external hard drive containing the discovery to his attorney on or before October 23, 2026;

13) In the event that Defendant Frederick Wayne Wiggins is moved from Northern Neck Regional Jaul to a different facility while still in possession of the laptop, Northern Neck Regional Jail shall maintain custody of the hard drive and release it to Defendant's attorney, Paul K. Sun, Jr.

SO ORDERED this the 24 day of September, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge